Mrs. Genevieve STREET, Administratrix of the Estate of Park Street, Deceased, Appellant,

v.

Henry J. HANNASCH et ux., Appellees.

No. 14547.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 25, 1967.

W. W. Palmer, Van Henry Archer, Alfred M. Scott, San Antonio, for appellant.

Mayo J. Galindo, San Antonio, for appellees.

BARROW, Chief Justice.

This is an appeal from the granting of a summary judgment. Appellees, Henry J. Hannasch et ux., brought this suit against appellant, Mrs. Genevieve Street, in her capacity as administratrix of the estate of Park Street, deceased, to recover judgment in the sum of $2,769.24, allegedly due appellees under a contract whereby deceased attorney agreed to represent appellees in certain land condemnation proceedings on a contingent-fee basis.

Appellant urges nine points of error which are briefed together as all are germane to the asserted error of the court in granting a summary judgment in this case. Rule 166–A, Texas Rules of Civil Procedure, authorizes the granting of a summary judgment if the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact. In determining whether a fact issue exists precluding a summary judgment, the same rule is used to test the evidence as in determining whether or not an instructed verdict should be granted. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.1963); Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557 (1962); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W. 2d 929 (1952).

The Supreme Court has stated that the purpose of the summary judgment rule is to eliminate patently unmeritorious claims, or untenable defenses and to avoid delays of trial where there is no genuine issue of fact. It is to be applied with caution and will not be granted where there is doubt as to the facts. In re Price's Estate, Tex., 375 S.W.2d 900, 904 (1964).

This summary judgment is supported by the pleadings of the parties and the affidavits of Mrs. Hannasch and James K. Gardner, Esq., associate of decedent during the period in controversy. The affidavit of W. W. Palmer, Esq., attorney for appel-

lant, was filed in opposition to the motion. The deposition of Mr. Gardner was taken but was not filed in the record or relied upon by either party. Appellees' cause of action is based upon four exhibits attached to appellees' petition and identified by Mrs. Hannasch in her affidavit.

Appellant excepted to the affidavits of Mrs. Hannasch and Mr. Gardner and urges on this appeal that all or parts of each are improper. Section (e) of Rule 166–A, supra, provides that affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. See Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex. Sup.1962); Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961).

■ Appellant urges that since Mrs. Hannasch was not called as a witness by appellant she was not competent to testify to any transaction with, or statement made by the decedent, Mr. Street, under the express terms of the Dead Man's Statute (Art. 3716, Vernon's Ann.Civ.St.). This proposition is correct, however, the statute does not prohibit one from relying upon written instruments executed by the deceased. Poehnert v. Coryell, Tex.Civ.App., 317 S.W.2d 84, no writ; Chajkowski v. Clements, Tex.Civ.App., 229 S.W.2d 633, writ dism'd; Newsom v. Fikes, Tex.Civ. App., 153 S.W.2d 962, writ ref'd; Box v. Ussery, Tex.Civ.App., 108 S.W.2d 230, writ dism'd. Although Mrs. Hannasch could not testify to any statements made by Mr. Street, she was competent to identify the exhibits attached to appellees' petition, including the written contract signed by Mr. Street, and the written statement furnished appellees by him.

■ Appellant urges that the affidavit of Mr. Gardner contains legal conclusions without setting forth facts supporting same. It is settled that legal conclusions do not meet the requirements of Sec. (e)

of Rule 166–A, supra, unless factually supported by the record. Box v. Bates, supra. Mr. Gardner's statement as to the "understanding between him and Mr. Street" therefore cannot be considered.

■ The only affidavit filed by appellant in opposition to the motion for summary judgment was that of her attorney, Mr. Palmer. This affidavit does not contradict any fact in the affidavits of Mrs. Hannasch or Mr. Gardner. Appellant asserts, however, that her answer, which was also sworn to by Mr. Palmer, raises many fact issues. In Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 951 (1960), the Supreme Court said: "When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered. * * * If the defendants expected to defeat the motion for summary judgment by showing an issue of fact * * * it was incumbent upon them to come forward with 'evidence' sufficient to raise that question."

■ Appellant's answer contains general allegations that appellees failed to cooperate with Mr. Street; appellees failed to exercise diligence in handling the claim, by moving to dismiss the State's appeal as abandoned and in not pleading the two and four year statutes of limitation; that no actual trial was had, since no witnesses were sworn or heard, and therefore it amounted to a settlement by agreement. This answer, although sworn to by Mr. Palmer, does not meet the requisites of, and therefore cannot be considered as, an affidavit.

The following facts are established by competent and uncontradicted affidavits. On April 7, 1958, appellees entered into a written contingent-fee contract with Mr. Street. This contract recognized that appellees had been offered a total of $5,190.00

for several tracts of land which were to be acquired by the State for right-of-way purposes. This offer was unsatisfactory to appellees and they employed Mr. Street to represent them in the condemnation proceedings which were to be filed by the State. The contract authorized Mr. Street to hire appraisers and take photographs, and to deduct these expenses before any fee was calculated. If the recovery did not exceed the State's offer of $5,190.00, appellees and Mr. Street would each pay one-half of these expenses. Mr. Street was to receive as his fee, one-half of any recovery over and above $5,190.00 and the total expenses.

On October 8, 1958, the Commissioners awarded appellees the sum of $11,688.48 as damages for the property taken, and this sum was subsequently deposited in the registry of the County Court, although the State duly appealed from this award. This money was subsequently withdrawn by appellees, and on May 4, 1959, they paid Mr. Street the sum of $3,422.99 as requested by a statement furnished appellees. This statement reflected that $347.50 had been incurred for expenses and the sum of $3,075.49 was for services rendered by him pursuant to their agreement. On August 5, 1965, the appeal from the award of the Commissioners was heard by the County Court and the damages to appellees for the taking of their property were found to be the sum of $6,150.00. This resulted in a deficiency judgment being entered against appellees on December 20, 1965, for the sum of $5,538.48.

In December, 1964, Mr. Street became ill and was unable to participate in the trial of any cases. He and Mr. Gardner, who had been associated with Mr. Street since 1956 and had participated with him in many condemnation trials, made arrangements whereby Mr. Gardner would handle the de novo proceedings in a number of appeals of condemnation cases, if agreeable to the clients. Appellees agreed to this arrangement. Mr. Gardner stated in his affidavit that "Mr. Street reiterated his responsibility to the Hannasches in the event of such deficiency (judgment)."

Mr. Street died during the night of August 5 or morning of August 6, 1965, and appellant became the duly appointed, qualified and acting administratrix of his estate. The uncontroverted affidavit of Mrs. Hannasch establishes that after the deficiency judgment was entered, appellees duly presented their sworn claim to appellant in her capacity as administratrix, and the claim was in all things refused. The record shows that the petition asserting this claim was filed on February 21, 1966. Appellees thereby established that the district court had jurisdiction under the Probate Code over this claim. Sections 313, 314, Probate Code, V.A.T.S.

█ Appellant complains for the first time on this appeal because the copy of the deficiency judgment attached to appellees' petition is not certified. It was identified as a copy of the County Court's judgment by Mrs. Hannasch in her affidavit. A similar complaint was discussed at length by the Supreme Court in Boswell v. Handley, 397 S.W.2d 213 (Tex.1963). It is seen from this analysis that the situation presented by our case is similar to that presented by the Mallard "b" lease in Youngstown Sheet & Tube Co. v. Penn, supra. The Supreme Court in Boswell reaffirmed its prior holding in Youngstown, that where the affidavit referred to the operating agreement attached to the answer and stated that it was executed by the parties, the copy constituted a sufficient basis upon which a motion for summary judgment could be granted or denied, in the absence of an exception by the opposing party. (Emphasis added by Supreme Court.) Furthermore, Mr. Gardner was competent to testify from personal knowledge as to the judgment rendered by the court.

█ The record conclusively establishes that Mr. Street agreed to handle these condemnation cases for appellees on a contingent-fee basis, and that he earned a fee

of $306.25 under this agreement. He had previously received the sum of $3,075.49 under the agreement, and therefore appellees are due and owing the sum of $2,769.24 in reimbursement. Mr. Street's liability for this reimbursement is not only established by his promise to appellees as stated by Mr. Gardner, but also by an implied covenant of the contingent-fee contract. The trial court did not err in granting summary judgment on this record.

The judgment of the trial court is affirmed.