**G. W. SIMS, Appellant,**

v.

**CITIZENS STATE BANK et al.,**
**Appellees.**

**No. 167.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 6, 1968.

Morris Bogdanow, Houston, for appellant.

Werner Gohmert, Alice, Lawrence I. Levy, Levy & Levy, Houston, Blake Tartt, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Andrew Z. Thompson, San Antonio, W. Robert Brown, Liddell, Austin, Dawson & Sapp, Houston, for appellees.

BARRON, Justice.

This action was filed by G. W. Sims in the District Court of Harris County against Citizens State Bank, Texas National Bank of Commerce, Alamo National Bank, First State Bank of Alice, and Werner A. Gohmert, of Alice, Texas, all defendants. Sims seeks to recover the sum of $11,000.00, being the proceeds of a certain cashier's check issued by Citizens State Bank of Houston, payable to one Robert Satterfield, and cashed or negotiated by Werner

Gohmert at the First State Bank of Alice. The check was apparently endorsed by Robert Satterfield, which endorsement is alleged to be a forgery, and Werner Gohmert endorsed the check at the time of negotiating it. The check passed through persons and banks named as defendants in the following order: Satterfield (who apparently endorsed the check), Gohmert, First State Bank of Alice, Alamo National Bank, San Antonio, Texas, Texas National Bank of Commerce, Houston, Texas, and Citizens State Bank, Houston, Texas.

■ Pleas of privilege were filed by Gohmert and First State Bank of Alice, to be sued in Jim Wells County, the County of their residences, and the District Court of Harris County sustained such pleas of privilege and transferred the case as to Gohmert and First State Bank of Alice. On motions for summary judgment filed by Gohmert and the Alice bank, the District Court of Jim Wells County, after notice and hearing, sustained the motions for summary judgment and rendered judgment that Sims take nothing. On appeal by Sims to the Court of Civil Appeals at San Antonio, the trial court's judgment was affirmed. Those courts held that Sims had no justiciable interest in the subject matter of this suit. See Sims v. Citizens State Bank, 410 S.W.2d 270 (Tex.Civ.App.), no writ. We refer to the opinion of the San Antonio Court of Civil Appeals for all purposes, including a more complete statement of the facts in the case at bar.

The District Court of Harris County rendered summary judgment in favor of the defendants as against Sims and denied the cross-actions filed by each bank against prior endorsers of the check. From the summary judgment below Sims has perfected his appeal to this court.

The appellant, Sims, has assigned only one point of error in his brief. His contention is that the trial court erred in granting appellees' motions for summary judgment for the reason that the motions did not comply with Rule 166–A, Texas Rules of Civil Procedure, in that their affidavits were not based upon personal knowledge. We overrule such contention.

■ The decision of the San Antonio Court of Civil Appeals was handed down on December 21, 1966. On February 21, 1968, Citizens State Bank of Houston filed its second motion for summary judgment, properly verified, in which it clearly pointed out and referred to the decision of the San Antonio Court of Civil Appeals on the facts of this case, and such bank prayed for summary judgment on the ground that Sims had no justiciable interest in the subject matter of this suit. Each defendant bank adopted the motion of Citizens State Bank of Houston. The cashier's check was in evidence, together with a sworn statement by Olan F. Horn, who issued the check, that neither he nor any officer, agent or employee of Citizens State Bank had any notice of any kind that the check was obtained as a result of fraud.

While some of the statements in the affidavits above may be immaterial, the controlling position is that Sims has no justiciable interest in the subject matter of this suit. The San Antonio Court of Civil Appeals held in part:

> "The four automobiles proved to be stolen and the manufacturer's certificates to be forgeries. The evidence shows that Sims loaned Brewer (an automobile dealer) $11,000 on the four stolen automobiles. Brewer would be in a position to sue for the proceeds of the cashier's check but not Sims. Sims does not show, by the allegations in his pleadings or by affidavits or otherwise, that he has a justiciable interest in the proceeds of the cashier's check. Before Sims can maintain this suit he must show that he has a justiciable interest in the subject matter of the suit."

We believe the San Antonio Court of Civil Appeals has correctly stated the law in its opinion, and that such holding applies to every party to this proceeding. Especially is this true in the absence of a special

plea or pleas by Sims which would warrant or show some justiciable interest in the subject matter on his part.

Moreover, an objection to the formal insufficiency of an affidavit supporting a motion for summary judgment (including any objection that it is not based upon personal knowledge) is waived if not raised in the trial court. An objection of this kind may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup.); Hall v. Fowler, 389 S.W.2d 730 (Tex.Civ.App.), no writ.

The judgment of the trial court is affirmed.