Alice **HUGHES, Individually and as Administrarix and as Guardian, Appellant,**

v.

Paul N. **HUGHES et al., Appellees.**

No. 7274.

Court of Civil Appeals of Texas, Beaumont.

Oct. 21, 1971.

Mullinax, Wells, Mauzy & Collins, Dallas, Hugh O'Fiel, Beaumont, for appellant.

B. F. Whitworth, Sid S. Stover, Jasper, Walter S. Fortney, Fort Worth, for appellees.

DIES, Chief Justice.

Plaintiff below is the widow of James W. Hughes and sues on a promissory note executed by defendant (appellee) Paul N. Hughes, executed and delivered to her deceased husband for $45,000.00, and to foreclose on certain parcels of land conveyed to James W. Warner as Trustee, to secure the debt.

Defendant Paul N. Hughes answered denying consideration for the note.

Dewey Swilley, Ronald Swilley and Ricky Swilley intervened, alleging that on

the 12th day of August, 1961, they obtained a judgment against James W. Hughes in the United States District Court, Eastern Division, Beaumont, in Civil Action No. 4298 for $49,255.30 plus interest·and costs, and attaching a copy of the judgment to the petition for intervention. They further alleged that the judgment had never been satisfied and that intervenors had not recovered any monies or satisfaction under the same and that they were thereby judgment creditors of the estate of James W. Hughes, giving them the necessary interest to intervene.

Defendant First Security National Bank of Beaumont, Texas is mortgagee of O. D. Reeves and wife, Mary Nichols Reeves, grantees under deed dated November 3, 1967, from grantors, T. E. Inman and Paul N. Hughes. The land involved was a portion of that previously deeded by defendant, Paul N. Hughes, to secure his note given to James W. Hughes.

Defendants, Paul N. Hughes and First Security National Bank of Beaumont, moved for summary judgment. Intervenors were given notice of such hearing, but failed to answer or appear and, on January 28, 1971, the District Court "ORDERED, ADJUDGED and DECREED that plaintiff Alice Hughes, Individually and as Administratrix of the Estate of James W. Hughes, Deceased, and as Guardian of the Estate of Emily Alicia Hughes, a Minor, and Intervenors Dewey Swilley, Ronald Swilley and Ricky Swilley take nothing of Defendants Paul N. Hughes, T. E. (Elmer) Inman, O. D. Reeves and wife Mary Nichols Reeves, and First Security National Bank of Beaumont, Texas and Marcus Dougharty, Trustee, * * *"

From this judgment intervenors have appealed, contending that the trial court erred in granting a summary judgment in that fact questions existed.

Appellee, Paul N. Hughes, contends no fact issue exists and that since intervenors did not file affidavits or present evidence or appear at the hearing for summary judgment, "movant's evidence must be accepted as true."

Appellees, First Security National Bank of Beaumont and Marcus Dougharty, Trustee, by cross-point urged:

(1) That this appeal is moot because Plaintiff, widow of James W. Hughes, did not appeal the summary judgment;

(2) That a judgment creditor of a deceased has no standing to sue a debtor of the deceased;

(3) A judgment creditor of a deceased cannot sue representatives of the estate or the debtors of the estate but must file a claim against the estate under the Texas Probate Code;

(4) The District Court and the Court of Civil Appeals have no jurisdiction over appellants' claim and that intervenors (appellants) are not proper parties in this suit and not entitled to recover in their own name or to appeal the summary judgment of the trial court.

We will consider the contentions of appellees, First Security National Bank of Beaumont and Marcus Dougharty, Trustee, first.

Rule 60, Texas Rules of Civil Procedure, provides as follows:

"Any party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party; and such intervenor shall, in accordance with Rule 72, notify the opposite party or his attorney of the filing of such pleadings within five days from the filing of same."

■ The rule clearly requires parties opposing a petition in intervention to affirmatively contest the same before the trial court. No such contest was made here, nor did the trial court strike the intervention. Under such circumstances, we hold that objection to the intervention has been waived. Saulsbury v. Clay, 25 S.W.

2d 200 (Tex.Civ.App., Amarillo, 1930, no writ). See also, Coffee v. William Marsh Rice University, 403 S.W.2d 340 (Tex. Sup.1966). It is, therefore, unnecessary for us to consider whether the intervention was proper had it been contested.

■ Since intervenors became a party, they became parties for all purposes, including the right of appeal. 1 McDonald, Texas Civil Practice (1965), § 3.48, p. 398.

We next consider the propriety of granting the summary judgment under Rule 166–A. The intervenors filed no affidavits, presented no evidence and, in fact, did not even appear at the hearing for summary judgment. Under such circumstances, some courts have applied waiver, saying the parties failing to file controverting affidavits or evidence were in no position to argue the existence of a genuine issue of fact. Lacy v. Carson Manor Hotel, 297 S. W.2d 367 (Tex.Civ.App., Dallas, 1956, error ref., n. r. e.); Holland v. Lansdowne-Moody Co., 269 S.W.2d 478, 481 (Tex.Civ. App., Waco, 1954, no writ); Fowler v. Texas Employers' Ins. Ass'n, 237 S.W.2d 373 (Tex.Civ.App., Fort Worth, 1951, error ref.).

"When a motion for summary judgment is supported by affidavits, depositions, stipulations or other extrinsic evidence sufficient on its face to establish facts, which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so * * *" Gulf, Colorado & Sante Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1958).

■ However, we recognize that every fact situation may not, in fairness, warrant imposing a waiver and that failure to file opposing affidavits is not necessarily fatal. Summary judgments are not granted by default but upon movant's discharge of his burden to show the absence of material facts. Hatter v. Worst, 390 S. W.2d 293 (Tex.Civ.App., Amarillo, 1965, error ref., n. r. e.).

In this case, the intervenors being judgment creditors of plaintiff's deceased husband, it is probable that it would be difficult, if not impossible, for them to obtain controverting affidavits.

Nevertheless, they could have appeared before the District Court at the hearing for summary judgment and made similar contentions to those presented in this appeal.

■ We recognize and approve that summary judgments should be applied with caution; Street v. Hannasch, 410 S.W.2d 941 (Tex.Civ.App., San Antonio, 1967, no writ); King v. Rubinsky, 241 S.W.2d 220 (Tex.Civ.App., Waco, 1951, no writ); and that the burden of demonstrating that no genuine issue as to any material fact exists rests upon the parties filing the motion for summary judgment. Pioneer Casualty Company v. Bush, 457 S.W.2d 165, 168 (Tex.Civ.App., Tyler, 1970, error ref., n. r. e.).

Defendant Paul N. Hughes testified by deposition that prior to executing the note in question, he had applied for a loan from the Small Business Administration in the amount of $45,000.00 and that the Small Business Administration had requested that plaintiff's deceased husband, James Hughes, endorse this note; that because of this, he, defendant Hughes, "went and had this deed of trust and note made to him for this amount"; that later, the Small Business Administration determined that only $28,000.00 was needed and without James Hughes' endorsement; that James Hughes never endorsed the loan and that he, defendant, Paul N. Hughes, received nothing as a result of the note and the deed of trust.

Plaintiff Alice Hughes, widow of James W. Hughes, filed an affidavit stating, among other things, as follows:

"The Note sued on herein, a copy of which is attached to Plaintiff's Original Petition in this cause, was found by me in my husband's papers after his death. Such Note does not show that it has been paid and does not show that any amount whatsoever has been paid on it. I have not been able to find any release of the Note or · the Deed of Trust securing it, which Deed of Trust is of record in the Deed of Trust Records in Newton County.

"I am not able to say why said Note was given by Paul N. Hughes to my husband and am not familiar with the transaction in which such Note was executed by Paul N. Hughes.

"Since the death of my husband Paul N. Hughes has not paid to me any sum of money as a payment on said Note and so far I am concerned said Note is still unpaid and is an obligation of Paul N. Hughes."

██ We have carefully considered the evidence before the trial court in the. hearing for summary judgment. The failure of intervenors to controvert this evidence and appear at the hearing requires that we accept as true all of such facts for the purpose of this appeal. Railroad Commission v. Sample, 405 S.W.2d 338 (Tex.Sup.1966). This evidence establishes as a matter of law that there is no genuine issue of fact as to the essential elements of defendant Paul N. Hughes' contentions.

The order granting the summary judgment is affirmed.

KEITH, Justice (concurring).

I concur in the result reached and in the affirmation of the case. I do not, however, do so from a review of the "evidence" considered by the trial court upon the motion for summary judgment. Conse-quently, I do not join in the conclusion that "[t]his evidence [the deposition of Paul Hughes] establishes * * * the essential elements of defendant Paul N. Hughes' contentions." I am in complete accord with the rule announced in Railroad Commission v. Sample, 405 S.W.2d 338, 339 (Tex.Sup.1966), wherein the Court said:

"Appellees have not controverted the facts set out in the answer to their motion for summary judgment and the affidavits attached to the answer. *All of such facts must be accepted as true, therefore, for the purpose of this appeal.*" [emphasis supplied]

However, there appear to be at least two reasons why we should not place our affirmance upon a consideration of the "evidence" offered in support of the motion for summary judgment.

1. The only summary judgment "proof" offered in support of the motion was the deposition testimony of the principal defendant, Paul Hughes. Ordinarily, such testimony does no more than raise an issue of fact, unless it is clear, direct and positive, and there are no circumstances tending to discredit or impeach such testimony. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.Sup. 1965); Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908 (1942). I am not persuaded that Hughes' deposition testimony was within the exception noted in *Cochran,* supra. Furthermore, it was Paul Hughes' burden, as the movant in the summary judgment proceeding, to establish as a matter of law that there was no genuine issue of fact, not upon intervenors to establish their right to recover. Gibbs v. General Motors Corporation, 450 S.W.2d 827, 829 (Tex. Sup.1970).

2. There is a serious question of the admissibility of Hughes' deposition testimony under the provisions of Article 3716, Vernon's Ann.Civ.St. See in this connection Chandler v. Welborn, 156 Tex. 312,

294 S.W.2d 801, 810 (1956). This question is aggravated by the omission from Hughes' moving papers of the necessary averment that he was competent to testify. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 233 (Tex.Sup.1962). Under the peculiar conditions shown by our record, I am doubtful that these deficiencies were "purely formal" under the rationale of *Youngstown*, supra.

I would extend the rule of *Youngstown* so as to hold, *unequivocally*, that a party to a summary judgment proceeding must point out deficiencies in the summary judgment "proof" to the trial court before he is in position to complain upon appeal. He should not be permitted to lay behind a log—even to the extent of boycotting the hearing below—and then attack the proceeding upon appeal. See in this connection Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705, 711 (Tex.Civ.App., Dallas, 1963, error ref. n. r. e.); Sims v. Citizens State Bank, 434 S.W.2d 210, 212 (Tex. Civ.App., Houston–14th, 1968, no writ). Such an unequivocal holding, I submit, would not impose an undue burden upon any litigant; instead, it would simply make applicable to the summary judgment procedure the rule prevailing generally in the trial of cases.

Intervenors made no objection to the "proof" tendered in connection with the motion for summary judgment; they did not give the trial court an opportunity to pass upon the questions they now present for our consideration; nor have they made any effort, of course, to show that the trial court, given an opportunity would not have granted the relief our dissenting brother would now grant to them upon this appeal. Instead, they have tendered as an original complaint in this court a claimed error of the trial court which was never pointed out to the judge ruling upon the motion for summary judgment.

I would ground the affirmance in this case solely upon the failure of intervenors to raise their present complaints in the trial court. Since no complaints were made there, I would affirm the judgment.

STEPHENSON, Justice (dissenting).

I respectfully dissent. I would reverse and remand this case for trial on the merits.

Defendant Paul Hughes' motion for summary judgment states only one ground and that is that there was no consideration for the instrument sued upon. The motion for summary judgment made by defendants First Security National Bank of Beaumont and Marcus Dougharty, Trustee, enlarges upon Paul Hughes' motion only to the extent that it adds failure of consideration as an alternate pleading. Neither of these motions have supporting affidavits. For emphasis, I repeat a statement made by Justice Keith in his concurring opinion, as follows: "The only summary judgment 'proof' offered in support of the motion was the deposition of the principal defendant, Paul Hughes."

Our Supreme Court of Texas has made it crystal clear that we must follow the rule stated in Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.Sup.1965), as follows:

"Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony."

In my opinion, the deposition of this interested witness, Paul Hughes, is not clear, direct and positive as to whether or not there was consideration for the note and deed of trust and there are many circumstances in such deposition tending to discredit and impeach his statement in the deposition that he did not receive any consideration of any kind.

Paul Hughes first testified, by deposition, that he executed the note and deed of trust sued upon and that he had made no payments on such note. After stating the conclusion that he did not receive any consideration of any kind, he then outlined his transaction with his uncle, James Hughes, in more detail. Viewing his testimony in the light most favorable to the party opposing the motion as we are required to do, in my opinion it shows the following: Paul Hughes agreed to buy a one-half interest owned by James Hughes in the East Texas Lumber Company. The total amount due was not stated, but was to be paid for at the rate of $150.00 per week. At the time of such purchase, James Hughes had executed some notes on behalf of the East Texas Lumber Company to the Kirbyville State Bank. Such notes were still outstanding. Paul Hughes made an application for an S.B.A. loan in the amount of $45,000.00 on behalf of the East Texas Lumber Company. (Apparently to retire the bank notes, among other things.) It was agreed an S.B.A. loan would be made in the amount of $28,000.00 if James Hughes would remain on the bank notes. The S.B.A. loan in the reduced amount was made in either December 1964 or January 1965. Paul Hughes had the deed of trust in question here recorded on June 22, 1965, and had it mailed to James Hughes. The pleadings show James Hughes died July 11, 1966 and the affidavit of Alice Hughes shows she found the note sued upon among James Hughes' papers.

In my opinion, the deposition of Paul Hughes goes so far as showing affirmatively that there was a consideration for the execution of the note and deed of trust; or at the very least, that there was a genuine issue of fact as to whether there was a consideration. In addition, the circumstances of the transaction, that is, the recording by Paul Hughes of the deed of trust five or six months after the S.B.A. loan was made and the retention by James Hughes of the note among his papers for more than two years, tend to discredit and impeach the testimony by Paul Hughes that he received no consideration of any kind.

There is another substantial reason for my conclusion that this case must be reversed and remanded. Under the provisions of Rule 166–A, the moving party "shall show affirmatively that the affiant is competent to testify to the matters stated therein." Under the provisions of Article 3716, V.A.C.S., in an action such as this brought by an administratrix as plaintiff, "neither party shall be allowed to testify against the others as to any transaction with, or statement by, the * * * intestate * * * unless called to testify thereto by the opposite party."

The entire factual defense to the suit on the note interposed by defendant Paul Hughes is based upon his own deposition which was not taken by the opposite party, that is, the intervenors. In order for the deposition to be competent summary judgment evidence against intervenors, under the rule itself, Paul Hughes labored under the burden of establishing in his motion that he was competent to testify to the matters therein stated. This not only was not included, but the record shows the converse—that he was incompetent to testify to such matters. There can be no question as to this matter of competency being called to the attention of the trial court, as the Paul Hughes deposition is interspersed with objections on the part of the attorney for Alice Hughes specifically pointing out this matter. See Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801, 810 (1956).

I do not agree with the direct statement in the concurring opinion and the inference in the majority opinion that this case can be decided on the basis of the failure of the intervenors to do anything in the trial court. Under my interpretation of summary judgment law in this state, the movant has the entire burden of establishing as a matter of law that there is no genuine issue of fact and the failure of the opposing

party to do anything will not aid the movant in discharging his burden. The Supreme Court in Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 233 (Tex. Sup.1962), has engrafted upon summary judgment law a requirement that deficiencies in the "proof" which are "purely formal" must be pointed out to the court. However, my construction of the opinion is that such rule was specifically limited and never intended to cover the matters in controversy in the case before us which go directly to the heart of the defense interposed in this case. There is nothing in Rule 166–A which requires either an answer or controverting affidavits to a motion for summary judgment. There is no provision for exceptions to be filed and there is no requirement that a party must appear at a hearing on a motion for summary judgment in order to appeal from an adverse judgment. We can take judicial knowledge of the fact that such hearings are informal and no oral testimony taken; generally there is no statement of facts; and no record of any statements or arguments made by the attorneys. In the instant case, we have no statement of facts and there is no way for us to know what transpired at the hearing. The judgment makes the statement that all of the parties were before the court, including intervenors. As stated in the majority opinion, summary judgments are not granted by default.

The deposition of Paul Hughes reveals that Joe Meadows and his partner in the East Texas Lumber Company, Jim Whiteside, were both acquainted with the facts surrounding the defense that there was no consideration for the execution of the note and deed of trust. Affidavits from those two were not offered in support of the motion for summary judgment. On a hearing of the merits of this case, even though Paul Hughes will not be competent to testify unless called by the opposing party under Article 3716, V.A.C.S., these two witnesses could be available for proof.