Dewey SWILLEY et al., Petitioners,

v.

Paul N. HUGHES et al., Respondents.

No. B–3118.

Supreme Court of Texas.

Oct. 4, 1972.

Korioth & Collins, John E. Collins, Austin, O'Fiel & O'Fiel, Hugh E. O'Fiel, Beaumont, for petitioners.

Owens & Fortney, Walter S. Fortney, Fort Worth, Seale & Stover, Sidney S. Stover, Jasper, H. A. Coe, Jr., Kountze, for respondents.

CALVERT, Chief Justice.

This is a suit on a promissory note and to foreclose a securing deed of trust lien. Alice Hughes, widow of James W. Hughes, suing individually and in her capacities as administratrix of her deceased husband's estate and guardian of the estate of his minor daughter, seeks by this suit to recover the amount due on a $45,000 promissory note made by Paul N. Hughes, nephew of James W. Hughes, and to foreclose a deed of trust lien given as security. Other defendants are T. E. Inman and O. D. Reeves and wife, subsequent grantees of certain parcels of land covered by the deed of trust lien; Marcus Dougharty, trustee in a deed of trust in favor of First Security National Bank of Beaumont, Texas to secure a note made by Reeves to the Bank; and the Bank. Dewey, Ronald and Ricky Swilley, judgment creditors of James W. Hughes, filed a petition in intervention praying that the administratrix recover against all defendants and that intervenors recover from the administratrix.

All defendants moved for summary judgment, offering the deposition of Paul Hughes as summary judgment proof to establish their affirmative defenses of want and failure of consideration for the note. The trial judge granted the motions and entered judgment that plaintiff and intervenors take nothing of defendants. Intervenors perfected their appeal; plaintiff did not and now cannot appeal.

The court of civil appeals affirmed the summary judgment, Hughes v. Hughes, 473 S.W.2d 304, and intervenors petitioned for writ of error. The court of civil appeals refused, however, to dismiss the appeal or to hold against the intervenors on certain grounds generally attacking the intervention itself (473 S.W.2d 304 at 306–307); wherefore, respondent Bank brings cross points.

## BANK'S CROSS POINTS

Respondent Bank by its cross points questions the right of the Swilley-

intervenors to prosecute this appeal and to maintain their suit. It argues that the trial court had no jurisdiction to entertain the Swilleys' suit against Alice Hughes in the absence of allegations in their petition that their claim against the James W. Hughes estate had been presented to and rejected by Mrs. Hughes as administratrix as required by Sections 298 and 314 of the Texas Probate Code, V.A.T.S. It then argues that the court had no jurisdiction to entertain the suit against the other defendants to collect on the note and foreclose the lien, rights conferred upon the administratrix by Art. 1981, Vernon's Ann.Civ.Stat., and Section 233, Texas Probate Code, in the absence of allegations of special circumstances such as existed in Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801 (1956). Finally, it argues that since jurisdiction of the trial court was never invoked by proper pleadings, intervenors have no standing to prosecute an appeal and their attempted appeal is moot. It asks that the judgments below be affirmed or that the appeal and the case be dismissed.

It will be noted that Bank's cross points are bottomed on the proposition that the trial court did not acquire jurisdiction of intervenors' suit because the petition did not contain certain factual allegations. In support of its position Bank cites such cases as Jaye v. Wheat, 130 S.W.2d 1081 (Tex.Civ.App.—Eastland 1939, no writ); Dempsey v. Gibson, 105 S.W.2d 423 (Tex. Civ.App.—Waco 1937, writ dism'd); Cain v. Church, 131 S.W.2d 400 (Tex.Civ.App. —Dallas 1939, no writ); Gannaway v. Barrera, 74 S.W.2d 717 (Tex.Civ.App.— San Antonio 1934), rev'd on other grounds, 130 Tex. 142, 105 S.W.2d 876 (1937); John Hancock Mut. Life Ins. Co. v. Warren, 72 S.W.2d 347 (Tex.Civ.App.—Eastland 1934, no writ); Lee v. Turner, 71 Tex. 264, 9 S.W. 149 (1888). The cited cases do hold, or clearly imply, that proper allegations in a petition in the two situations are necessary to invoke the court's jurisdic-

tion. It will be noted, however, that all of the cases were decided before the effective date of the Texas Rules of Civil Procedure in 1941. We do not read Butler v. Summers, 151 Tex. 618, 253 S.W.2d 418 (1952), as making a similar holding.

We do not consider the cited cases as any longer authoritative on the pleading question. Rule 91, Texas Rules of Civil Procedure, provides for the use of special exceptions to point out "defect[s], omission[s], . . . or other insufficiency" in pleadings, and Rule 90, Texas Rules of Civil Procedure, provides:

" . . . Every defect, omission or fault in a pleading *either of form or of substance,*[1] which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court . . . shall be deemed to have been waived by the party seeking reversal on such account . . . . "

We have held that the provisions of the Rule also operate to forestall a prevailing party from supporting a judgment of dismissal for lack of jurisdiction by pointing to defects and omissions in a petition. Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821 (1945). And see Texas Osage Co-op. Royalty Pool v. Kemper, 170 S.W. 2d 849 (Tex.Civ.App.—Galveston 1943, writ ref'd); Metalab Equipment Co. v. Spring Branch Ind. Sch. Dist., 378 S.W.2d 347 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.), reversed with per curiam opinion 381 S.W.2d 48 (Tex.1964); Weisenberger v. Lone Star Gas Co., 257 S.W. 2d 331 (Tex.Civ.App.—Fort Worth 1953, writ dism'd).

A holding that the allegations in intervenors' petition were inadequate to invoke jurisdiction of the trial court and of the appellate courts would require a reversal of the trial court's judgment as to them and dismissal of the petition in intervention. Bank seeks also, however, to have

---

1. Emphasis ours throughout.

the take-nothing summary judgment affirmed on that ground. This we cannot do. To do so would in effect be saying that a defendant's motion for summary judgment is per se a general demurrer to the petition. Certain court of civil appeals' opinions have indicated that a motion for summary judgment *on the pleadings* "partakes of the office of a general demurrer." See Baxter v. Beaupre, 295 S.W.2d 718 (Tex.Civ.App.—Galveston 1956, no writ); Barnard v. Kuldell, 349 S.W.2d 313 (Tex. Civ.App.—Houston 1961, no writ). Situations in which such a motion can be sustained, however, are very limited, and the case before us does not present such a situation. It is not a case in which the facts alleged by a plaintiff establish the absence of a right of action or an insuperable barrier to a right of recovery. See McDonald, Summary Judgments, 30 Texas L.Rev. 285, 297.

## THE SWILLEYS' APPEAL

■ Under Rule 166–A, Texas Rules of Civil Procedure, the party moving for summary judgment has the burden of establishing that there exists no material fact issue and that movant is entitled to judgment as a matter of law. When a defendant moves for summary judgment on the basis of his affirmative defense, he must, therefore, conclusively prove all essential elements of that defense. *Cf.* Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970). Respondents thus had to show, as a matter of law, that there was no consideration for the note sued on or that the agreed consideration had failed.

■ The only summary judgment proof offered was the deposition of Paul Hughes, a party and an interested witness. In order for the testimony of an interested witness to establish a fact, as a matter of law, it must be "clear, direct and positive" with "no circumstances in evidence tending to discredit or impeach such testimony." Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d

41 (Tex.1965); Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S. W.2d 904 (1942). Paul Hughes testified that the note and deed of trust were made to James Hughes "in order for Mr. James Hughes to endorse" a $45,000 note of Paul Hughes to the Small Business Administration; that, instead, the S.B.A. made a loan to him of $28,000 in January, 1965 without requiring endorsement by James Hughes; and that James Hughes never in fact endorsed the loan. But the deed of trust securing the note, made a part of the deposition as plaintiff's exhibit #2, was not filed for record until June 22, 1965, some six months after execution of the $28,000 note, and Paul Hughes admits that he is the one who had it recorded. Moreover, the $45,000 note was left outstanding and the securing lien was unreleased when this suit was filed in June, 1969. Those facts are inconsistent with the testimony of Paul Hughes that the bargained-for consideration had failed. So, within the summary judgment proof there lie circumstances tending to discredit Paul Hughes' testimony on failure of consideration. Respondents failed to establish the defense as a matter of law and were not entitled to summary judgment.

■ In a case such as this, when the movant's evidence only serves to raise a fact issue, the opponent of the motion need not offer contradictory proof. Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.1970). In our summary judgment practice, the opponent's silence never improves the quality of a movant's evidence. Statements to the contrary in the opinions of two of the justices of the court of civil appeals in this case are based upon a misunderstanding of Railroad Commission v. Sample, 405 S.W.2d 338 (Tex.1966). *Sample* holds only that when a movant fails to controvert his opponent's evidence, that evidence must be accepted as true on appeal. It is manifestly wrong to read that case as holding the converse, and it is contrary to summary judgment logic

to assume that the converse naturally follows.

Respondents assert, however, that even if petitioners had no burden of offering proof, they nevertheless had a duty to point out the deficiencies in respondents' proof to prevent an erroneous ruling by the trial judge; that because petitioners did not even appear at the hearing on the motion, the trial judge committed an error which might very well have been avoided. Two justices of the court of civil appeals appear to have been impressed by this thesis, especially the concurring justice, who favored extending the application of this court's holding in Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex. 1962). In *Youngstown* we held that when an opponent fails to object to "purely formal" defects in the movant's papers, the defects are waived. There, we dealt with affidavits which did not recite that they were made on personal knowledge or that the affiant was competent to testify.

Obviously the case at bar is not within *Youngstown,* and we are not persuaded of the wisdom of extending that rule to include this case. Our interpretation has always been that the function of summary judgment is the "elimination of patently, unmeritorious claims or untenable defenses." Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). Rule 166–A provides "a method of summarily terminating a case *when it clearly appears* that only a question of law is involved and that there is no genuine issue of fact." Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557 (1962). Virtually all burdens are on the movant. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970); Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.1970); Prestegord v. Glenn, 441 S.W.2d 185 (Tex.1969). *Cf.* "Moore" Burger, Inc. v. Phillips Petroleum Company, (Tex.1972); Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958). Having taken that position, we could not with reason hold that the opponent of the motion must, upon penalty of waiver, appear and object to movant's proof when that proof is only sufficient to raise a fact issue. Wilson v. Brickstone Products Corporation, 465 S.W.2d 183 (Tex.Civ.App.— San Antonio 1971, writ ref'd n. r. e.). Summary judgments are not to be granted on default of the opponent, but only on the merit of the summary judgment proof.

The judgment of the trial court that Alice Hughes take nothing in her various capacities is left undisturbed. The judgments of the courts below that the intervenor-Swilleys take nothing are reversed and as to them the cause is severed and remanded to the trial court.

We are not to be understood as having held that intervenors have standing to continue prosecution of the suit. That is an issue which should be decided by the trial court upon proper defensive motions or pleas which at this point have not been filed or urged.

WALKER, Justice (dissenting).

While I am in general agreement with the Court's opinion, I would also reverse the take nothing judgment against Alice Hughes in her several capacities and remand the entire cause to the district court. The judgment against her may well prejudice the right, if any, of the Swilleys to maintain suit for the benefit of the estate, and it seems to me that the rights of the appealing and nonappealing parties are so interwoven and dependent on each other as to require a reversal of the whole judgment. See Kansas University Endowment Ass'n v. King, 162 Tex. 599, 350 S.W.2d 11; Lockhart v. A. W. Snyder & Co., 139 Tex. 411, 163 S.W.2d 385.

POPE, J., joins in this dissent.