**David MITCHAM, et al., Appellants,**

v.

**The BOARD OF REGENTS, UNIVERSITY OF TEXAS SYSTEMS, et al., Appellees.**

**No. 9196.**

Court of Appeals of Texas, Texarkana.

April 3, 1984.

Ken E. Mackey, Harrison & Jordan, Corpus Christi, for appellants.

Jim Mattox, Atty. Gen., Susan German, Asst. Atty. Gen., Austin, for appellees.

CORNELIUS, Chief Justice.

David Mitcham and Eric Samuelson appeal from an adverse summary judgment in their suit for libel and deprivation of civil rights.

Mitcham and Samuelson were students at the University of Texas and were involved in a movement to abolish student government. On April 24, 1978, an article written by Samuelson appeared in the *Daily Texan*, the University newspaper, urging students to vote to reform the University's constitution. On April 25, 1978, an article written by Mitcham dealing with the same issue appeared in the *Daily Texan.* A cartoon reading "Vote Tomorrow" was also printed in the April 25 edition. Samuelson and Mitcham became unhappy with the *Daily Texan's* coverage of the election, so they printed handbills which reproduced the *Daily Texan's* masthead, the articles written by Samuelson and Mitcham, the cartoon with the word "Tomorrow" omitted, and were on campus distributing the handbills when the polls opened. They stopped when Dan Malone, editor of the *Daily Texan*, approached Mitcham and told him they were violating the *Daily Texan's* copyright and ordered him to stop distributing the handbills or he would have him arrested. The next day the *Daily Texan* printed a caption on page one of its issue reading "Copyright Infringement Alleged, page 6." The article on page 6 was entitled *"Texan* Editor Objects To Handbills-Campus Group Reproduces Copyrighted Items." On May 4, 1978, after a staged spectacle by Samuelson and Mitcham on campus, which involved the use of an effigy of Malone, the *Daily Texan* reported the incident in an article entitled *"Texan* Editor Target of Guerrilla Theater."

Mitcham and Samuelson brought suit against the Board of Regents and Malone, contending (1) a civil rights violation under 42 U.S.C.A. § 1983 (West 1981) for suppression of their right of free speech and

seizure of their personal property; (2) libel in the April 27, 1978, edition of the *Daily Texan* for the allegation of copyright infringement; and (3) libel for repeating the infringement allegations in the issue of May 4, 1978.

The trial court properly rendered a take nothing summary judgment, because defenses to the actions were conclusively established by summary judgment evidence: [1]

1. In their depositions filed in the trial court, Mitcham and Samuelson admitted that all of the published statements which pertained to them were true, i.e., they knowingly distributed copyrighted material without the *Daily Texan's* permission. Truth is an absolute defense to an action for libel. Tex.Rev.Civ.Stat.Ann. art. 5431 (Vernon 1958); *Caller Times Pub. Co. v. Chandler*, 122 S.W.2d 249 (Tex.Civ.App. —San Antonio 1938), *aff'd*, 134 Tex. 1, 130 S.W.2d 853 (1939). Mitcham and Samuelson attempted to show that their use of the copyrighted material was permissible under the "Fair Use" doctrine, but the deposition evidence conclusively negates that contention. Wholesale or extensive verbatim copying cannot be regarded as fair use regardless of the intention of the infringer. *Benny v. Loew's Inc.*, 239 F.2d 532 (9th Cir.1956), *aff'd sub. nom, Columbia Broadcasting Sys., Inc. v. Loew's Inc.*, 356 U.S. 43, 78 S.Ct. 667, 2 L.Ed.2d 583 (1958); Annot., 23 A.L.R.3d 139, 182 (1969); 18 Am.Jur.2d *Copyright and Literary Property* § 109 (1965).

2. The deposition testimony showed there was no seizure of the handbills or any other property.

3. The copyright law restricts only the use of a particular expression of an idea, not the idea itself. *Sid & Marty Kroft Television v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir.1977), and cases there cited. Mitcham and Samuelson were not deprived of their right of free speech because they were not prohibited from conveying their ideas, but only the *Daily Texan's* particular expression of them.

For the reasons stated, the judgment of the trial court is affirmed.

---

1. Tex.R.Civ.P. 166–A; *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972).