**Daniel Perry MOORE, Appellant,**

v.

**Chris GAUTHIER, Appellee.**

**No. 04–97–00488–CV.**

Court of Appeals of Texas,
San Antonio.

Dec. 10, 1997.

Charles A. Nicholson, Law Offices of Pat Maloney, P.C., San Antonio, Charles Koutras, San Antonio, for Appellant.

Thomas R. Stevens, Stevens & Weiss, P.C., San Antonio, for Appellee.

Before RICKHOFF, LOPEZ and DUNCAN, JJ.

## OPINION

LOPEZ, Justice.

Appellant, Danny Perry Moore, appeals the trial court's order granting summary judgment in favor of Appellee, Chris Gauthier. Because we believe the trial court correctly applied the law to Moore's case, we affirm.

Moore was seriously injured in a shooting incident outside Gauthier's home. Moore had attended a party at Gauthier's home. Upon his departure, Pete Rojas shot Moore while Moore was sitting in his car which was parked on the street in front of Gauthier's home. This injury resulted in Moore's paralysis. After this incident, Moore learned that a person at the party had threatened to shoot someone at the party, so Moore sued Gauthier for failing to warn him of a dangerous condition and for failing to provide proper security for guests at the party. Gauthier moved for summary judgment, contending that the shooting incident that injured Moore was not foreseeable. In response, Moore argued that his summary judgment evidence raised issues of fact that indicated that Gauthier either foresaw or should have foreseen the likelihood of injury to persons attending his party. The trial court granted Gauthier's motion for summary judgment and Moore appeals.

The party presenting the motion for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See TEX.R. CIV. P. 166a(c); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex.1985); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex.1972). In deciding whether a disputed material fact issue exists, thereby excluding summary judgment, the reviewing court will take as true all evidence favoring the non-movant. See Nixon, 690 S.W.2d at 548–49; Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984). All reasonable inferences from the evidence will be weighed in favor of the non-movant, and any doubts will be resolved in the non-movant's favor. See Nixon, 690 S.W.2d at 549; Montgomery, 669 S.W.2d at 311.

We disagree that the summary judgment evidence raised issues of fact that indicated that Gauthier either foresaw or should have foreseen the likelihood of injury to persons attending his party. While it is true that the evidence indicated that Gauthier was aware of a dispute during the party, the evidence does not indicate that Gauthier foresaw or should have foreseen that an uninvited person would shoot one of his guests. The evidence established that beer was served at Gauthier's party and that the party may have grown to as many as eighty people, many of whom were uninvited. Despite warnings from police to tone down the party, a fight broke out between two males; the fight was broken up by others at the party. Upon learning of the fight, Gauthier asked the people involved to leave, but testified that he was not certain who was involved. Although the evidence indicated that someone threatened to return to the party to "cap someone," the evidence did not indicate that Gauthier knew of the threat. Instead, Gauthier attested in his motion for summary judgment that he neither heard the statement nor learned

of the statement during the party. Moore, however, presented no evidence that indicated that Gauthier either heard the threat or was told of the threat during the party. Without knowledge of the statement, Gauthier could not foresee the act of violence that occurred here. *See Nixon*, 690 S.W.2d at 550 (explaining effect of past crimes on foreseeability of future criminal activity). Because Moore presented no evidence that raised a fact question about whether Gauthier knew that a threat had been made that a person would return to the party to shoot someone, the trial court correctly granted Gauthier's motion for summary judgment on the grounds that he negated the element of foreseeability. We affirm.

DUNCAN, J., concurring in the judgment only.