# IN THE SUPREME COURT OF TEXAS

No. 20-0263

KENNETH D. EICHNER, P.C., PETITIONER,

v.

BEN DOMINGUEZ, II, PARC CONDOMINIUM ASSOCIAITON, AND ASSOCIATION
MANAGEMENT INCORPORATED, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

**PER CURIAM**

Generally, a notice of appeal must be filed within thirty days after the trial court signs the judgment being appealed. TEX. R. APP. P. 26.1. But that deadline is extended to ninety days if "any party" files a motion for new trial or certain other post-judgment pleadings. TEX. R. APP. P. 26.1(a). The issue in this case is whether rule 26.1(a) applies to an intervenor's new-trial motion when the trial court strikes the intervenor's petition before it renders the final judgment. The court of appeals held rule 26.1(a) does not apply, but we disagree. We reverse the court of appeals' judgment and remand the case to that court for further proceedings.

This suit began when a condominium owner sued his homeowners' association and property manager for wrongfully foreclosing their lien against his condominium. The owner's accounting firm—Kenneth D. Eichner, P.C.—intervened, asserting a superior lien right based on a promissory note and security agreement the owner executed to pay for Eichner's services. The

trial court initially granted summary judgment for the defendants, holding their lien was superior to Eichner's. The court of appeals reversed and remanded, holding Eichner's lien was superior. *Kenneth D. Eichner, P.C. v. Dominguez*, No. 14-16-00192-CV, 2017 WL 2561334, at *6, *9 (Tex. App.—Houston [14th Dist.] June 13, 2017, no pet.) (mem. op.). On remand, the owner and defendants reached a settlement agreement in which the owner agreed to pay the amount demanded and the defendants agreed to return the condominium to the owner. In light of the settlement, the trial court struck Eichner's intervention petition and then rendered final judgment.

Eichner timely filed a motion for new trial twenty-eight days after the trial court signed the final judgment. *See* TEX. R. CIV. P. 329b(a) (requiring new-trial motion be filed "within thirty days after the judgment or other order complained of is signed"). He then filed a notice of appeal eighty-seven days after the trial court's final judgment. If appellate rule 26.1(a) applies, that notice was timely. *See* TEX. R. APP. P. 26.1(a) (extending appellate deadline to ninety days if any "party" timely files a motion for new trial within thirty days). But the court of appeals dismissed Eichner's appeal for want of jurisdiction, holding Eichner did not qualify as a "party" whose new-trial motion could extend the appellate deadline. *See Kenneth D. Eichner, P.C. v. Dominguez*, No. 14-18-00399-CV, 2020 WL 1026430, at *1–2 (Tex. App.—Houston [14th Dist.] 2020) (mem. op.).

The court of appeals acknowledged that Eichner could not appeal the interlocutory order striking his intervention petition until after the trial court signed a final judgment. *Id.* at *2 (citing *Barrett v. Barrett*, No. 14-03-00373-CV, 2004 WL 1925972, at *1 (Tex. App.—Houston [14th Dist.] Aug. 31, 2004, no pet.) (mem. op.)). The court also acknowledged that Eichner could appeal the final judgment by filing a notice of appeal within thirty days. *Id.* (citing TEX. R. APP. P. 26.1). And the court acknowledged that Eichner could and did file a new-trial motion within thirty days

2

after the trial court signed the final judgment. *Id.* But the court concluded that Eichner's new-trial motion did not extend the appellate deadline to ninety days under rule 26.1(a) because Eichner "was not a party to the judgment." *Id.* Because rule 26.1(a) extends the deadline if "any party" files a new-trial motion, and because the trial court had struck Eichner's intervention petition before it rendered the final judgment, the court concluded that Eichner was a "nonparty" whose new-trial motion could not extend the appellate deadline. *Id.*

We disagree with the court of appeals' construction of rule 26.1(a). As the court acknowledged, Eichner could not appeal the trial court's interlocutory order striking his intervention petition until after the trial court signed a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment."). At that point, the interlocutory order merged into the final judgment, and Eichner had to appeal the judgment, not the prior order. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment."). To the same extent that Eichner was a "party" to the final judgment for purposes of the right to appeal that judgment and to file a new-trial motion, he was also a "party" to the final judgment for purposes of extending the appellate deadline under rule 26.1(a).

The rules that address these issues do not support the distinction the court of appeals has drawn. Any "*party* who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal." TEX. R. APP. P. 25.1(c) (emphasis added). The "filing of a notice of appeal by *any party* invokes the appellate court's jurisdiction over all parties to the trial court's judgment or

3

order appealed from." TEX. R. APP. P. 25.1(b) (emphasis added). The notice of appeal must "state the name of *each party* filing the notice" and "must be served on *all parties* to the trial court's final judgment." TEX. R. APP. P. 25.1(d)(5), (e) (emphases added). The notice of appeal must be filed within thirty days after the judgment is signed, but the deadline is extended to ninety days "if *any party* timely files" (1) a motion for new trial, (2) a motion to modify the judgment, (3) a motion to reinstate under Texas Rule of Civil Procedure 165a, or (4) under some circumstances, a request for findings of fact and conclusions of law. TEX. R. APP. P. 26.1(a) (emphasis added). The timely filing of a new-trial motion "by *any party*" also extends the trial court's plenary jurisdiction "until thirty days after all such timely-filed motions are overruled." TEX. R. CIV. P. 329b(e) (emphasis added). Nothing in the text of these rules supports the notion that a party intervening prior to final judgment whose petition has been struck qualifies as a "party" to the final judgment for purposes of rules 25.1 and 329b but not for purposes of rule 26.1(a).

Whether an intervenor is a party to the final judgment depends on when the intervention petition is filed. In support of its conclusion that rule 26.1(a) does not apply, the court of appeals relied on *Lapiner v. Maimon*, 429 S.W.3d 816, 820–21 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (plurality op.). In that case, a shareholder attempted to intervene in a shareholder-derivative suit to contest a proposed settlement. *Id.* at 817. The trial court struck the intervention and then rendered a final judgment approving the settlement. *Id.* at 819. The shareholder then moved for an award of attorney's fees and expenses. *Id*. After the trial court denied that motion, the shareholder timely filed a motion for new trial, which was overruled by operation of law. *Id*. at 819–20. The shareholder then filed a notice of appeal, more than thirty days but less than ninety days after the trial court signed the final judgment. *Id.* Importantly, the shareholder challenged the

trial court's approval of the settlement agreement and its denial of his motion for attorney's fees, but he did "not appeal the trial court's order striking his intervention." *Id.* at 820.[1]

A split panel dismissed the shareholder's appeal for want of jurisdiction. The plurality opinion concluded that the shareholder was a "nonparty" who could appeal the decision to strike his intervention but could not extend the appellate deadline by filing a new-trial motion. *Id.* The concurring Justice concluded that the shareholder was "not a 'party' who may appeal" at all. *Id.* at 827 (Frost, C.J., concurring). And the dissenting Justice concluded that the shareholder was a deemed party under the doctrine of virtual representation and saw "no reason to create a trap by interpreting the term 'party' differently" in rules 25.1 and 26.1. *Id.* at 848 (Busby, J., dissenting).

In concluding that the shareholder could not extend the appellate deadline by filing a new-trial motion, the *Lapiner* plurality relied on two prior decisions, *State & County Mutual Fire Insurance Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, no pet.), and *Central Mutual Insurance Co. v. Dunker*, 799 S.W.2d 334, 336 (Tex. App.—Houston [14th Dist.] 1990, writ denied). *See Lapiner*, 429 S.W.3d at 820–21. But in both those cases, the parties who sought to intervene filed their intervention petition *after* the trial court had already signed a final judgment.[2] By contrast, in *Lapiner*, and in this case, the intervention was filed and struck *before* the trial court signed the final judgment. *See id.* at 819.

"Generally, only a named party to the suit may bring an appeal." *Sommers for Ala. &*

---

[1] The dissenting Justice pointed out that the shareholder's notice of appeal did "in fact challenge the order striking his intervention, although he later decided not to brief that issue." *Id.* at 847 (Busby, J., dissenting).

[2] *See Kelly*, 915 S.W.2d at 227 ("After judgment, a plea in intervention or motion to intervene cannot be considered until after the judgment is set aside."); *Dunker*, 799 S.W.2d at 335–36 ("Where final judgment has been rendered, a plea in intervention comes too late and may not be considered unless and until the trial court first sets aside its final judgment.").

5

*Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 752 (Tex. 2017); *see City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex. 2003) ("Under Texas jurisprudence, an appeal can generally only be brought by a named party to the suit.").[3] A person who attempts to intervene in a case *after* the trial court has signed a final judgment is not bound by, is not a "party" to, and cannot appeal the final judgment unless the trial court sets aside that judgment. *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015); *Citizens State Bank v. Caney Invs.*, 746 S.W.2d 477, 478 (Tex. 1988) (per curiam); *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984) (per curiam); *Comal Cnty. Rural High Sch. Dist. No. 705 v. Nelson*, 314 S.W.2d 956, 957 (Tex. 1958).

But a person who intervenes *before* the trial court signs a final judgment becomes a party to that judgment. *See Main Rehab. & Diagnostic Ctr., LLC v. Liberty Mut. Ins. Co.*, 376 S.W.3d 825, 828 (Tex. App.—Dallas 2012, no pet.); *Hughes v. Hughes*, 473 S.W.2d 304, 306–07 (Tex. App.—Beaumont 1971), *rev'd in part on other grounds, sub nom.*, *Swilley v. Hughes*, 488 S.W.2d 64 (Tex. 1972). If the court strikes the petition, the intervenor qualifies as a party who may appeal the subsequent final judgment into which the order striking the intervention has merged, because that judgment is binding on the intervenor. *See, e.g.*, *Quick v. City of Austin*, 7 S.W.3d 109, 126 (Tex. 1998) (addressing intervenor's appeal from order striking pre-judgment intervention).

Here, Eichner filed its intervention petition, the trial court orally rendered and signed an order striking the intervention, and the trial court then signed a final judgment. The order striking the intervention merged into the final judgment, so Eichner was a "party" who could appeal that

---

[3] The doctrine of virtual representation provides an exception to this general rule. In determining whether a person is a party, or deemed party, who can appeal, "the most important consideration is whether the appellant is bound by the judgment." *City of San Benito*, 109 S.W.3d at 755. Although Eichner argued alternatively that he qualified as a party by virtual representation, we need not address that argument in light of our holding that he is a party in his own right under appellate rule 26.1.

judgment. *See* TEX. R. APP. P. 25.1(b)–(c). As a "party" to the judgment, Eicher could appeal the judgment by filing a notice of appeal within thirty days after the trial court signed the judgment. *See* TEX. R. APP. P. 26.1. Alternatively, it could file a new-trial motion within thirty days after the trial court signed the judgment, which it did. *See* TEX. R. CIV. P. 329b(b). And because Eichner was a "party" to the judgment, its timely filing of the new-trial motion extended the deadline for filing a notice of appeal until ninety days after the trial court signed the judgment. *See* TEX. R. APP. P. 26.1(a).

Because Eichner timely filed its notice of appeal, we grant its petition for review and, without hearing argument, we reverse the judgment of the court of appeals and remand this cause to that court for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 59.1.

Opinion delivered: May 14, 2021