TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00804-CV






Kathy Mussman, Appellant



v.



Austin State Hospital, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 96-05167, HONORABLE DON G. HUMBLE, JUDGE PRESIDING 







 Appellant Kathy Mussman sued appellee Austin State Hospital, claiming the
Hospital violated the Whistleblower Act by retaliating against her for her reports of illegal activity. 
See generally Tex. Gov't Code Ann. §§ 554.001-.010 (West 1994 & Supp. 1999). On the
Hospital's motion, the trial court rendered summary judgment against Mussman. We will affirm
the trial court's judgment.

 The Hospital moved for summary judgment on the ground that Mussman failed to
sue within the limitations period contained in the Whistleblower Act. Mussman contends in four
issues that the trial court erred in rendering judgment on that basis. When a defendant moves for
summary judgment on the basis of an affirmative defense, it must conclusively prove all essential
elements of that defense. Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). On review of a
summary judgment, this Court determines whether the movant has shown that no genuine issue
of material fact exists and that the movant is entitled to judgment as a matter of law. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). We take as true all evidence
favoring the non-movant and indulge every reasonable inference and resolve every doubt in her
favor. Id.

 The summary-judgment record shows that, since 1989 and throughout the events
forming the basis of her suit, Mussman worked as a nurse in the Child and Adolescent Psychiatric
Services Unit of the Hospital. Mussman's first report of illegal activity concerned a nurse-
manager on the unit, John Seay. In September 1994, Mussman reported to the Texas Department
of Protective and Regulatory Services that she believed Seay was engaging in improper conduct
with the unit's patients. Mussman testified by affidavit that, although she had never before been
disciplined by the Hospital, her superiors began subjecting her to a pattern of harassment almost
immediately after her report. On December 3, 1994, for example, she was falsely accused of
being on the Hospital premises in a state of intoxication. Mussman stated, however, that she did
not realize that the harassment was in retaliation for her report until May 12, 1995. On that date,
the director of nurses said that she was going to find out who turned Seay in and that she was
going to "get rid of them." Mussman was also reprimanded on that date for absenteeism for
failing to work on a weekend. Although Mussman had earlier requested that her attorney
accompany her to meetings with supervisors, the Hospital declined to permit her attorney to attend
these meetings.

 Between May 12 and June 6, 1995, Dana Coy, the nurse-manager who replaced
Seay, scheduled meetings to discuss Mussman's complaints, but canceled each, causing Mussman
inconvenience. On May 31, Coy disciplined Mussman for insubordination by placing her on a
"Level I Reminder." According to Coy's memo, Mussman was insubordinate in refusing to meet
with her and other supervisors without her attorney present. The reminder was to remain in effect
for three months. A series of retaliatory actions followed, and on September 11, 1995, Mussman
filed a discrimination complaint with the Hospital. Although she noted on the complaint form that
her charge of discrimination was based on sex, we accept for summary-judgment purposes
Mussman's assertion that she alerted the Hospital at this time to her charge of discrimination based
on her report of illegal activity. On December 22, 1995, the Hospital informed Mussman that it
found no pattern of discrimination against her based on her gender.

 Mussman's claim of discrimination for her report on John Seay is governed by the
version of the Whistleblower Act in effect when she discovered the retaliation. Because the
summary-judgment evidence shows that Mussman discovered the retaliation before June 15, 1995,
the Whistleblower Act enacted in 1993 controls. See Act of May 25, 1995, 74th Leg., R.S., ch.
721, § 11, 1995 Tex. Gen. Laws 3812, 3814-15. Before suing a governmental employer under
the 1993 Act, the employee was required to exhaust the employer's grievance procedures. Act
of May 4, 1993, 73d Leg., R.S., ch. 268 § 1, 1993 Tex. Gen. Laws 583, 610 (Tex. Gov't Code
§ 554.006(a), since amended) ("1993 Act"). Further, the grievance procedures had to be invoked
within ninety days after the retaliation occurred or was discovered. 1993 Act § 554.006(b). 
Finally, the employee was required to file suit within ninety days after the retaliation occurred or
was discovered. 1993 Act § 554.005. Time used by the employee to exhaust the grievance
procedures was excluded from the ninety days given the employee to sue, except that if the
procedures failed to produce a final decision within thirty days, the ninety-day limitations period
applied. 1993 Act § 554.006(c), (d).

 Although Mussman realized on May 12, 1995, that the Hospital was retaliating
against her for reporting Seay, she invoked the Hospital's grievance procedures on September 11,
1995, and sued on May 6, 1996, both beyond the Act's ninety-day deadlines. Even if Mussman
timely invoked the Hospital's grievance procedure on June 8, as alleged in her petition, the
summary-judgment evidence shows that no resolution was achieved within the following thirty
days. In such an event, Mussman was required to sue the Hospital within ninety days of May 12,
1995; her petition, filed on May 6, 1996, falls well outside this deadline. As to Mussman's report
on John Seay, the trial court did not err in rendering summary judgment.

 Mussman made a second report of illegal activity on July 20, 1995. Mussman told
Dr. Kira Carey, Director of the CAPS Unit, that Coy had lied to the Hospital on her application
form and that Coy had served time in federal prison for drug possession. In retaliation for this
report, the director of nurses placed Mussman on administrative leave from July 23 until August
9, 1995. On November 18, 1995, a cross-shift count of Dexedrine in the CAPS Unit revealed that
two doses of the medication were missing. Mussman, as the nurse in charge of the shift that was
ending, was held responsible for failing to comply with the Hospital's accountability procedures
for controlled substances. Based on this incident, Coy placed a Level I Reminder on Mussman
on December 22, 1995. Mussman filed a complaint with the Hospital about the Dexedrine
incident on January 3, 1996, and on April 5 the Hospital notified Mussman of its decision to
uphold the discipline imposed on her.

 Because the retaliation for Mussman's second report of a violation of law occurred
after June 15, 1995, her claim is governed by the Whistleblower Act as amended in 1995. See Act
of Act of May 25, 1995, 74th Leg., R.S., ch. 721, § 11, 1995 Tex. Gen. Laws 3812, 3814-15. 
In 1995 the legislature replaced the requirement that the employee exhaust grievance procedures
before suing with the requirement that the employee initiate such procedures before suing. Id. at
3813 (Tex. Gov't Code Ann. § 554.006(a) (West Supp. 1999)). Although it altered the
employee's use of grievance procedures in other respects, the legislature retained the ninety-day
deadline for invoking grievance procedures and the ninety-day limitations period for bringing suit. 
See Tex. Gov't Code Ann. §§ 554.005, .006 (West 1994 & Supp. 1999).

 Mussman testified that the director of nursing at the Hospital retaliated against her
for reporting Coy by placing her on administrative leave on July 23, 1995. The summary-judgment evidence shows, however, that Mussman neither sued the Hospital nor invoked its
grievance procedures within ninety days of July 23. Although Mussman sued the Hospital within
thirty days after exhausting the grievance procedure she initiated on January 3, 1996, January 3
was too late to complain under the Act about the retaliation of the previous July 23. The trial
court therefore did not err in rendering summary judgment as to Mussman's second report. (1)

 Last, Mussman argues that the Hospital should be equitably estopped from asserting
its defense of limitations. Mussman claims that employees of the Hospital falsely represented that
she could obtain redress through the internal grievance process, that the process was hostile and
biased, and that she diligently pursued the process to her detriment. Therefore, she contends, the
limitations period in the Act must be tolled. Equitable estoppel requires proof of (1) a false
representation or concealment of material facts, (2) made with knowledge, actual or constructive,
of those facts, (3) with the intention that it should be acted on, (4) to a party without knowledge,
or the means of knowledge of those facts (5) who detrimentally relied on the misrepresentation. 
Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 489 (Tex. 1991). Mussman's summary-judgment evidence shows no more than that her superiors required or encouraged her to use the
Hospital's grievance procedures. We conclude that Mussman failed to carry her burden in the trial
court to raise a fact issue on equitable estoppel.

 We overrule Mussman's four issues and affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: July 29, 1999

Do Not Publish




* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. In her response to the Hospital's summary-judgment motion, Mussman claimed for the first
time that the Hospital retaliated against her for reports she made about Coy on July 21 and 22,
1997. We note that the summary-judgment evidence shows no initiation of grievance procedures
concerning these reports. Because the prerequisites to suing under the Whistleblower Act are
mandatory and jurisdictional, the trial court had no jurisdiction to consider these claims. Gregg
County v. Farrar, 933 S.W.2d 769, 777 (Tex. App.--Austin 1996, writ denied); see Schroeder
v. Texas Iron Works, Inc., 813 S.W.2d 483, 488 (Tex. 1991).



and that Coy had served time in federal prison for drug possession. In retaliation for this
report, the director of nurses placed Mussman on administrative leave from July 23 until August
9, 1995. On November 18, 1995, a cross-shift count of Dexedrine in the CAPS Unit revealed that
two doses of the medication were missing. Mussman, as the nurse in charge of the shift that was
ending, was held responsible for failing to comply with the Hospital's accountability procedures
for controlled substances. Based on this incident, Coy placed a Level I Reminder on Mussman
on December 22, 1995. Mussman filed a complaint with the Hospital about the Dexedrine
incident on January 3, 1996, and on April 5 the Hospital notified Mussman of its decision to
uphold the discipline imposed on her.

 Because the retaliation for Mussman's second report of a violation of law occurred
after June 15, 1995, her claim is governed by the Whistleblower Act as amended in 1995. See Act
of Act of May 25, 1995, 74th Leg., R.S., ch. 721, § 11, 1995 Tex. Gen. Laws 3812, 3814-15. 
In 1995 the legislature replaced the requirement that the employee exhaust grievance procedures
before suing with the requirement that the employee initiate such procedures before suing. Id. at
3813 (Tex. Gov't Code Ann. § 554.006(a) (West Supp. 1999)). Although it altered the
employee's use of grievance procedures in other respects, the legislature retained the ninety-day
deadline for invoking grievance procedures and the ninety-day limitations period for bringing suit. 
See Tex. Gov't Code Ann. §§ 554.005, .006 (West 1994 & Supp. 1999).

 Mussman testified that the director of nursing at the Hospital retaliated against her
for reporting Coy by placing her on administrative leave on July 23, 1995. The summary-judgment evidence shows, however, that Mussman neither sued the Hospital nor invoked its
grievance procedures within ninety days of July 23. Although Mussman sued the Hospital within
thirty days after exhausting the grievance procedure she initiated on January 3, 1996, January 3
was too late to complain under the Act about the retaliation of the previous July 23. The trial
court therefore did not err in rendering summary judgment as to Mussman's second report. (1)

 Last, Mussman argues that the Hospital should be equitably estopped from asserting
its defense of limitations. Mussman claims that employees of the Hospital falsely represented that
she could obtain redress through the internal grievance process, that the process was hostile and
biased, and that she diligently pursued the process to her detriment. Therefore, she contends, the
limitations period in the A