TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00390-CV







Overnite Transportation Company, Appellant



v.



International Brotherhood of Teamsters, AFL-CIO, and Teamsters Local Union 657,
Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 99-11702-A, HONORABLE PAUL DAVIS, JUDGE PRESIDING







 Overnite Transportation Company appeals the trial court's summary judgment
denying its claim for tortious interference with business contracts and relationships against
appellees International Brotherhood of Teamsters, AFL-CIO, and Teamsters Local Union 657.
Overnite presents two issues on appeal. We reverse the trial court's judgment.

 Overnite sued the appellees for defamation and tortious interference arising from
the appellees' efforts to organize its employees. Overnite alleged that as part of a campaign to
induce its employees to join the Teamsters and to designate a local labor union affiliated with the
Teamsters as their collective bargaining representative, the appellees circulated a defamatory flier
to Overnite's customers in Texas. According to Overnite, the flier falsely stated that the National
Labor Relations Board had found Overnite guilty of hundreds of labor law violations, including
discrimination, intimidation, and retaliation against workers. Overnite alleged that publishing the
defamatory flier to its customers injured its business relationships and contracts.

 Both appellees moved for summary judgment on the tortious interference claim,
asserting that their acts were justified and that the National Labor Relations Act preempted
Overnite's claim. The trial court granted the motions without stating its ground and severed the
tortious interference claim, making the partial summary judgment final for appeal.

 As movants relying on the defenses of justification and preemption, the appellees
assumed the burden to conclusively prove all essential elements of each defense. Swilley v.
Hughes, 488 S.W.2d 64, 67 (Tex. 1972). On appeal, we must consider as true all evidence
favorable to Overnite and indulge every reasonable inference and resolve any doubt in Overnite's
favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Because the court
rendered a general summary judgment, Overnite must show on appeal that the appellees
established neither ground as a matter of law. Thomson v. Norton, 604 S.W.2d 473, 477 (Tex.
Civ. App.--Dallas 1980, no writ).

 In its first issue, Overnite argues that because a fact question remains on whether
the appellees had a good faith claim to a colorable legal right, the court erred in rendering
summary judgment on its tortious interference claim. The appellees asserted in their summary
judgment motions that they had a federally protected right to engage in the conduct forming the
basis of Overnite's claim.

 A defendant sued for tortious interference with contract can prevail by establishing
the affirmative defense of justification. Texas Beef & Cattle Co. v. Green, 921 S.W.2d 203, 210
(Tex. 1996). The justification defense is based on the exercise of either (1) one's own legal rights
or (2) a good-faith claim to a colorable legal right, even though that claim ultimately proves to
be mistaken. Id. at 211. But methods tortious in themselves are unjustified, and liability is
appropriately imposed on a defendant who invades another's contract rights using violence, threats
and intimidation, defamation, misrepresentation, unfair competition, or bribery. Prudential Ins.
Co. of Am. v. Financial Review Servs., Inc., 29 S.W.3d 74, 81 (Tex. 2000). In addition, legal
malice negates the justification defense. Texas Beef & Cattle Co., 921 S.W.2d at 210. Overnite
pleaded here that the appellees published the defamatory flier maliciously, so as to interfere with
Overnite's contracts and business relationships wrongfully and without justification.

 Both appellees admitted in their summary judgment motions, that for the purpose
of the motions only, certain allegations of Overnite's petition were true. Specifically, the
appellees admitted:


The [appellees], in publishing the defamatory Flier to Overnite customers, have
wrongfully and without justification interfered with these contracts and Overnite's
business relationships with its customers. Moreover, [the appellees] published the
defamatory Flier to Overnite's customers with the specific intent of wrongfully
inducing the customers to breach their contracts with Overnite and to cease using
Overnite's services.


Despite a duty to Overnite to not tortiously interfere with Overnite's business
contracts and relationships, [the appellees] maliciously and intentionally published
the Flier for the purpose of wrongfully injuring Overnite's business.


(Parenthetical information omitted.) By admitting that the flier was defamatory, that they
published it maliciously, that they interfered wrongfully and without justification, and that their
purpose was to wrongfully induce Overnite's customers to breach their contracts, the appellees
failed to establish conclusively their defense of justification. We sustain Overnite's first issue.

 Overnite contends in its second issue that the trial court erred by granting summary
judgment on the ground of preemption. The Supreme Court has stated the general rule for
deciding when the National Labor Relations Act preempts a state claim: "When an activity is
arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the
exclusive competence of the National Labor Relations Board if the danger of state interference
with national policy is to be averted." San Diego Bldg. Trades Council v. Garmon, 359 U.S.
236, 245 (1959). (1) Courts applying Garmon examine separately the arguably protected nature of
the activity under section 7 and the arguably prohibited nature under section 8. E.g., Sears,
Roebuck & Co. v. San Diego County Dist. Council of Carpenters, 436 U.S. 180, 190 (1978). In
moving for summary judgment based on preemption, the appellees presented a two-part argument;
they reasoned first that a union's peaceful persuasion of an employer's customers is protected by
federal labor law, and second, that Overnite's tortious interference claim, based on peaceful
persuasion, is preempted. We determine that the ground of preemption, as the appellees have
presented it, is legally insufficient to support the summary judgment.

 First, the appellees' assertion in their motions that Overnite's claim is preempted
because it is based on the appellees' peaceful persuasion of Overnite's customers is too broad. 
The appellees failed to tailor their ground to Overnite's specific allegation that they tried to
persuade by distributing defamatory fliers. To obtain summary judgment, the appellees were
required to show that handbilling based on defamatory statements is protected. To ask the trial
court to determine whether peaceful handbilling during a labor dispute is federally protected
would not resolve the factual contention pleaded by Overnite. Because the appellees' ground
failed to meet Overnite's claim as pleaded, their ground cannot support the summary judgment. 
Cook v. Brundidge, Fountain, Elliott & Churchill, 533 S.W.2d 751, 759 (Tex. 1976).

 Second, the appellees based their claim of preemption on the "arguably protected,"
rather than the "arguably prohibited," prong of Garmon. The "arguably protected" prong
corresponds to section 157 of the United States Code, which addresses the rights of employees
to join labor organizations and participate in organized activities. See 29 U.S.C.A. § 157 (West
1998). Yet the cases the appellees rely on analyze, not whether union activities are protected
under section 157, but whether certain labor union activities are prohibited under section 158. 
E.g., Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council, 485
U.S. 568, 588 (1988); George v. National Ass'n of Letter Carriers, 185 F.3d 380, 392 (5th Cir.
1999); cert. denied, 528 U.S. 1156 (2000). While the considerations justifying preemption under
each prong overlap, the prongs differ in significant respects and merit separate analyses. Sears,
Roebuck & Co., 436 U.S. at 190. By failing to articulate a cogent legal basis for preemption, the
appellees have not carried their burden to show that they are entitled to judgment on that ground
as a matter of law. We therefore sustain Overnite's second issue.

 Because the appellees failed to establish conclusively their right to prevail based
on either justification or preemption, we reverse the trial court's summary judgment and remand
the cause for further proceedings.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Reversed and Remanded

Filed: March 29, 2001

Do Not Publish
1. Sections 7 and 8 of the National Labor Relations Act are codified as sections 157 and
158 respectively of Title 29 of the United States Code. See Labor Management Relations Act,
1947, 29 U.S.C.A. §§ 157, 158 (West 1998). Section 157 of the Act confers rights on employees
regarding labor organizations, while section 158 describes unfair labor practices by both
employers and labor organizations. Id.



ds in its second issue that the trial court erred by granting summary
judgment on the ground of preemption. The Supreme Court has stated the general rule for
deciding when the National Labor Relations Act preempts a state claim: "When an activity is
arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the
exclusive competence of the National Labor Relations Board if the danger of state interference
with national policy is to be averted." San Diego Bldg. Trades Council v. Garmon, 359 U.S.
236, 245 (1959). (1) Courts applying Garmon examine separately the arguably protected nature of
the activity under section 7 and the arguably prohibited nature under section 8. E.g., Sears,
Roebuck & Co. v. San Diego County Dist. Council of Carpenters, 436 U.S. 180, 190 (1978). In
moving for summary judgment based on preemption, the appellees presented a two-part argument;
they reasoned first that a union's peaceful persuasion of an employer's customers is protected by
federal labor law, and second, that Overnite's tortious interference claim, based on peaceful
persuasion, is preempted. We determine that the ground of preemption, as the appellees have
presented it, is legally insufficient to support the summary judgment.

 First, the appellees' assertion in their motions that Overnite's claim is preempted
because it is based on the appellees' peaceful persuasion of Overnite's customers is too broad. 
The appellees failed to tailor their ground to Overnite's specific allegation that they tried to
persuade by distributing defamatory fliers. To obtain summary judgment, the appellees were
required to show that handbilling based on defamatory statements is protected. To ask the trial
court to determine whether peaceful handbilling during a labor dispute is federally protected
would not resolve the factual contention pleaded by Overnite. Because the appellees' ground
failed to meet Overnite's claim as pleaded, their ground cannot support the summary judgment. 
Cook v. Brundidge, Fountain, Elliott & Churchill, 533 S.W.2d 751, 759 (Tex. 1976).

 Second, the appellees based their claim of preemption on the "arguably protected,"
rather than the "arguably prohibited," prong of Garmon. The "arguably protected" prong
corresponds to section 157 of the United States Code, which addresses the rights of employees
to join labor organizations and participate in organized activities. See 29 U.S.C.A. § 157 (West
1998). Yet the cases the appellees rely on analyze, not whether union activities are protected
under sectio