<HTML>

<HEAD>

<META NAME="Generator" CONTENT="WordPerfect">

<TITLE></TITLE>

</HEAD>

<BODY TEXT="#000000" LINK="#0000ff" VLINK="#551a8b" ALINK="#ff0000" BGCOLOR="#c0c0c0">

NUMBER 13-05-073-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

                                                                                                                     

RUBEN LUNA, III AND

JORGE LUIS HERNANDEZ,        Appellants,

v.

ULTIMATE INVESTMENTS, INC., Appellee.

                                                                                                                                      

On appeal from the 206th District Court of Hidalgo County, Texas.

                                                                                                                     

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Rodriguez

Memorandum Opinion by Justice Yañez

The sole issue in this appeal is whether Ruben Luna III and Jorge Luis Hernandez's

negligence claim against appellee, Ultimate Investments, Inc., is barred by the statute of

limitations.  The trial court granted summary judgment for appellee.  Appellants, Luna and

Hernandez, contend that the trial court erred in granting appellee's motion for summary

judgment.  We affirm the trial court's judgment.

On August 4, 2000, appellants were shot and injured while working as security

personnel ("bouncers") at Club Liquid in McAllen, Texas.  On August 2, 2002, appellants

sued Liquid, Inc. d/b/a Club Liquid ("Liquid") and Ricardo Roux ("Roux") for negligence. (1)  

On May 13, 2004, Liquid and Roux filed a third-party petition against Hotties Grill & Bar,

Inc. d/b/a Kooly's ("Hotties"), asserting they were entitled to contribution and indemnity. (2)  

Appellants later amended their petition and asserted claims against Hotties; Hotties was

ultimately served with appellants' amended petition on June 19, 2004.  Hotties then in turn

filed a third party petition against appellee on August 16, 2004. (3)  Shortly thereafter, on

September 3, 2004, appellants amended their pleadings to include appellee as a

defendant.  Appellee moved for summary judgment on the sole ground that appellants'

negligence claim was barred by the two-year statute of limitations. (4)  The trial court granted

summary judgment for appellee.  This appeal followed.

The standards for reviewing a traditional summary judgment are well established. (5)  

The party moving for summary judgment has the burden of showing that no genuine issue

of material fact exists and that it is entitled to judgment as a matter of law. (6)  When a

defendant moves for summary judgment based on an affirmative defense, such as the

statute of limitations, the defendant bears the burden of proving each essential element

of that defense. (7)  Once the defendant establishes its right to summary judgment as a

matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue

of material fact, thereby precluding summary judgment. (8)  A nonmovant need not answer

or respond to a motion for summary judgment to contend on appeal that the grounds

expressly presented by the movant's motion are insufficient as a matter of law to support

summary judgment.  However, the nonmovant may not raise any other issues as grounds

for reversal. (9)

Appellee filed its motion for summary judgment, contending appellants' claim was

barred by the two-year statute of limitations because it was filed more than four years after

the day the cause of action accrued. (10)  The pleadings on file establish appellee's

contention.  Therefore, appellants, as the nonmovants, were required to come forward with

evidence to raise a fact issue as to whether the statute of limitations should apply. (11)

In their response to appellee's motion for summary judgment, appellants argued that

suit was timely filed in accordance with section 33.004(e) of the civil practice and remedies

code. (12)  Section 33.004(e) provides:  "A claimant may join a responsible third party, even

though such joinder would otherwise be barred by limitations, if the claimant seeks to join

the responsible third party not later than 60 days after a third party claim is filed under

Subsection (d)." (13)  Appellants asserted that their claim was timely under this section

because they added appellee as a defendant within sixty days of Hotties' third party claim

against appellee.

Appellee replied to appellants' response, asserting that section 33.004(e) could only

apply if appellants complied with subsection (d).  The basis for this argument is that

subsection (e) specifies that a claimant may join a responsible third party if "a third party

claim is filed under Subsection (d)." (14)  Section 33.004(d) provides: "A third party claim by

a defendant under this section may be filed, even though the claimant's action against the

responsible third party would be barred by limitations, if the third party claim is filed on or

before 30 days after the date the defendant's answer is required to be filed." (15)  Appellee

proved that a third party claim was not "filed on or before 30 days" after Hotties' answer

was required to be filed. (16)  Accordingly, because subsection (d) was not properly complied

with, appellee contends that no third party claim has been "filed under Subsection (d)" as

required by subsection (e). (17)  Appellants assert, however, that appellee's 33.004(d)

argument raises the issue of improper joinder, not limitations.  Therefore, because

summary judgment was granted solely on the basis of limitations, the only issue that

should be considered is whether appellants complied with section 33.004(e).  We disagree

with this contention.

Though subsection (d) concerns joinder, it warrants consideration on the limitations

question before us.  Appellants requested the trial court to consider section 33.004(e) as

a defense to the running of the two-year statute of limitations; subsection (e) in turn

directed the court to further examine the rules laid out in subsection (d) to fully determine

if appellants had a viable defense.  Accordingly, the trial court was free to consider section

33.004(d) in deciding whether the statute of limitations had run on appellants' claim against

appellee. (18)

Appellants further contend, however, that if consideration is given to section

33.004(d), it must be read together with Texas Rule of Civil Procedure 38(a), which

discusses when a defendant may bring in a third party. (19)  Rule 38(a) states:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a citation and petition to be served upon a person

not a party to the action who is or may be liable to him or to the plaintiff for

all or part of the plaintiff's claim against him.  The third-party plaintiff need not

obtain leave to make the service if he files the third-party petition not later

than thirty (30) days after he serves his original answer.  Otherwise, he must

obtain leave on motion upon notice to all parties to the action. (20)

Appellants assert that rule 38(a) allows a defendant to join a responsible third party under

section 33.004(d), despite not having done so within thirty days after the day the

defendant's answer was due.

We believe that rule 38(a) is inapplicable to section 33.004.  Section 33.004(b)

states that "[n]othing in this section shall affect the third-party practice as previously

recognized in the rules and statutes of this state with regard to the assertion by a

defendant of rights to contribution or indemnity." (21)  Section 33.004(b) thus "makes clear

that the procedures outlined in Texas Rule of Civil Procedure 38 for the joinder of third

party defendants are neither added to nor diminished by section 33.004's requirements for

the joinder of responsible third parties." (22)  Furthermore, even if we were to assume that rule

38(a) is applicable, the rule would have required Hotties to obtain leave on motion prior to

filing its third party petition against appellee because more than thirty days had transpired

from the day Hotties served its original answer; (23) the record reveals, however, that Hotties

did not ask for leave of court.  We overrule appellants' point of error.

Accordingly, we affirm the trial court's judgment.

                                                       LINDA REYNA YAÑEZ,

Justice

Memorandum opinion delivered and filed

this the 7th day of December, 2006.

1. In their original petition, appellants asserted that Ricardo Roux was the sole shareholder of Liquid,

Inc. and requested the trial court to disregard the corporate fiction of Liquid, Inc. and hold Roux jointly and

severally liable for appellants' damages.

2. Liquid and Roux assert that immediately prior to the shooting, Hotties served the shooter alcohol to

the point where he presented a danger to himself and to others.

3. Appellee, Ultimate Investments, is the owner of the premises upon which the shooting occurred.

4. Tex. Civ. Prac. & Rem. Code Ann.  16.003(a) (Vernon 1998).

5. See Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

6. Tex. R. Civ. P. 166a(c); Nixon, 690 S.W.2d at 548.

7. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Swilley v.

Hughes, 488 S.W.2d 64, 67 (Tex. 1972).

8. City of Houston, 589 S.W.2d at 678.

9. See City of Houston, 589 S.W.2d at 678.

10. Tex. Civ. Prac. & Rem. Code Ann.  16.003(a) (Vernon 1998).

11. See City of Houston, 589 S.W.2d at 678.

12. Tex. Civ. Prac. & Rem. Code Ann.  33.004 (Vernon 1997).  The present case was filed before the

effective date of the most recent amendments to section 33.004.  The version of Chapter 33 of the Texas Civil

Practice and Remedies Code in effect at the time appellants initially filed suit is found in the prior version of

the statute.  See Act of May 8, 1995, 74th Leg., R.S., ch. 136,  1, secs. 33.001-33.017, 1995 Tex. Gen. Laws

971, 972-75 (amended 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann.  33.001-33.017 (Vernon

1997 & Supp. 2006)).  All references to Chapter 33 in this opinion are to the prior version of the Act.

13. Tex. Civ. Prac. & Rem. Code Ann.  33.004(e) (Vernon 1997).

14. Id.

15. Tex. Civ. Prac. & Rem. Code Ann.  33.004(d) (Vernon 1997).

16. Id.  Hotties was first served with appellants' petition on June 19, 2004.  Hotties' answer was due on

July 12, 2004.  Tex. R. Civ. P. 99(b).  The deadline for Hotties to file a third party action under section

33.004(d) of the civil partice and remedies code was August 12, 2004.  Hotties' third party petition against

appellee was made on August 16, 2004.

17. Tex. Civ. Prac. & Rem. Code Ann.  33.004(e) (Vernon 1997).

18. The Fifth Court of Appeals, albeit in an unpublished opinion, has similarly ruled as we now do here.  

Beckham v. DePaula, No. 05-00-01230-CV, 2001 Tex. App. LEXIS 4855 (Tex. App.-Dallas July 24, 2001,

no pet.) (not designated for publication).

19. Tex. R. Civ. P. 38(a).

20. Id.

21. Tex. Civ. Prac. & Rem. Code Ann.  33.004(b) (Vernon 1997).

22. Gregory J. Lensing, Proportionate Responsibility and Contribution Before and After the Tort Reform

of 2003, 35 Tex. Tech. L. Rev. 1125, 1194 (2004).  Lensing further notes that "the legislature left section

33.004(b) untouched in the 2003 amendments, further suggesting a legislative intent merely to clarify that true

third party practice under Rule 38 is completely separate and distinct from responsible-third-party practice

under 33.004."  Id.

23. Tex. R. Civ. P. 38(a).

</BODY>

</HTML>